## Miles Land Company v. Hudson Coal Company.

*Ejectment—Coal lands—Mesne profits—Right to inspect mines—Practice, C. P.*

1. Where, in an action for coal lands, a claim is made for mesne profits derived from the previous mining of the coal by defendant, the plaintiff is entitled to the privilege of entering the mines for the purpose of inspection, if such inspection is necessary to ascertain the extent and amount of the mesne profits claimed.

2. In such case the court will order that at a time to be agreed upon by the parties, or in default thereof to be fixed by the court, the plaintiff, by its proper officers, agents and engineers, will be allowed to enter the mines and make such surveys and measurements as shall be deemed necessary for purposes of trial; such surveys and measurements to be made only under and according to the rules and regulations of the anthracite mine law.

Motion for leave to inspect mines, etc. C. P. Lackawanna Co., May T., 1919, No. 452.

*Price, Price & Price*, for plaintiff.

*J. H. Torrey*, for defendant; *R. W. Rymer*, for Suffolk Coal Co., intervenor.

NEWCOMB, J., Dec. 2, 1921.—Ejectment for lands in the Borough of Moosic, coupled with claim for mesne profits. The land is underlaid with coal; active mining is alleged to have been in progress for years; the mining is the source of the profits sued for; and that accounts for the motion.

Plaintiff's right of entry for the purpose of inspection, if any, is not defined by any authority to which attention has been called. The only rational ground for such relief must arise from the inherent nature of the subject-matter, viz., the fact that underground operations are not open to ordinary observation.

Yet so long as defendants are in peaceable possession, they are presumed to have the legal title, and as such to be immune from interference. Hence, the privilege can be countenanced only for reasons of practical necessity, in order to prevent a failure of justice. That is the ultimate basis underlying somewhat analogous forms of relief in equity. True, ejectment is in form a remedy at law; but, even so, in many aspects it is equitable in effect—indeed the most equitable legal proceeding known to the jurisprudence of this State. The law accords plaintiff the right to include his entire claim for damages with his action to recover the land. If inspection of the premises becomes necessary in order to ascertain the extent and amount of the damages, it would seem to follow that he ought to have the privilege of inspection; other-

wise, the right to claim mesne profits in such case might be reduced to a mere empty formality.

But the right to examine defendants' books, accounts, etc., etc., is also asked for. That is another thing. If needed in advance of trial, a bill for discovery is the only available means: Morris v. Samter, 22 Lacka. Jurist, 101.

So far as concerns inspection of the mines, the motion is allowed, and the rule to show cause is made absolute. That is to say, at a time to be agreed upon by the parties, or in default thereof to be appointed by the court, plaintiff, by its proper officers, agents and engineers, is allowed to enter the mines upon the premises in dispute and to make such surveys and measurements therein as shall be deemed necessary for purposes of trial. Such entry to be made under and according to the rules and regulations of the anthracite mine law.

So far as relates to defendants' accounts and other documents mentioned in plaintiff's petition, the rule is discharged.

From William A. Wilcox, Scranton, Pa.